## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

VICTORIA I. VIDAL,

Plaintiff,

vs.

Case No. 1:17-CV-00746

AHC OF AURORA, LLC, d/b/a
ADVANCED HEALTHCARE OF
AURORA,

Defendant.

## NOTICE OF REMOVAL

Defendant AHC of Aurora, LLC, d/b/a Advanced Health Care of Aurora ("AHC") hereby files its Notice of Removal of the above-captioned case to this Court and, and in support of removal, respectfully states as follows:

1. AHC is named as a defendant in Case No. 2016CV000348, filed in the District Court, Eighteenth Judicial District, Arapahoe County, Colorado, (the "State Court") styled *Victoria I. Vidal v. AHC of Aurora, LLC, d/b/a Advanced Healthcare of Aurora* (the "State Court Action").

2. Plaintiff, proceeding *pro se*, filed her Complaint in the State Court Action on or about October 27, 2016. In her original Complaint in the State Court Action, Plaintiff did not bring a claim "arising under the Constitution, laws, or treaties of the United States." Rather, all claims Plaintiff asserted in her original Complaint arose under the laws of the State of Colorado.

3. In addition, on November 7, 2016, Plaintiff filed in the State Court Action a document entitled "Claim for Wrongful Termination Damages" asserting that her total actual damages were $26,342.00, which amount also included court costs.

4. Accordingly, at the time Plaintiff filed the State Court Action this case was not removable to this Court because it presented no claims that arose "under the Constitution, lawes, or treaties of the United States" and the amount in controversy did not exceed "the sum or value of $75,000". 28 U.S.C. § 1332(a).

5. On February 24, 2017, the State Court granted Plaintiff's Motion to Amend Complaint and Jury Demand. Plaintiff's Motion to Amend Complaint and Jury Demand was filed by a lawyer who entered his appearance on her behalf on February 14, 2017.

6. Plaintiff's First Amended Complaint and Jury Demand asserts two claims based on an alleged violation of 29 U.S.C. § 201, *et seq*. (the "Fair Labor Standards Act" or the "FLSA"). In particular, Plaintiff's First Claim for Relief asserts an alleged "Fair Labor Standards Act Violation – 29 U.S.C. § 201 *et seq*." and Plaintiff's Second Claim for Relief asserts an alleged "Retaliation – Fair Labor Standards Act Violation – 29 U.S.C. § 201 *et seq*."

7. Any civil action is removable if the plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a).

8. Under 28 U.S.C. § 1331, this Court has original federal question jurisdiction over Plaintiff's claims based on an alleged violation of the FLSA.

9. Because the State Court Action was not removable based on Plaintiff's original Complaint and only became removable once the State Court granted Plaintiff's Motion to Amend Complaint and Jury Demand, AHC may file a notice of removal of the State Court Action within thirty (30) days of the granting of Plaintiff's Motion. 28 U.S.C. § 1446(b)(3).

10. Further, the remainder of Plaintiff's claims in her First Amended Complaint and Jury Demand are based upon alleged violations of various laws of the State of Colorado. Those

claims, however, are based on the same operative facts as her two claims based on an alleged violation of the FLSA.

11. This Court, therefore, may exercise supplemental jurisdiction over Plaintiff's state law claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…" 13 U.S.C. § 1367(a).

12. Accordingly, pursuant to 28 U.S.C. § 1441(a), AHC has the right to remove the State Court Action to this Court, without regard to the citizenship or residency of the parties or the amount in controversy.

13. AHC was formally served with the First Amended Complaint and Jury Demand on February 24, 2017. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(3).

14. By this Notice of Removal, AHC does not waive any defenses, jurisdictional or otherwise, which it may possess. AHC also does not concede that Plaintiff has stated a claim against it.

15. Pursuant to D.C.COLO.LCivR 81.1(b), AHC states that the docket sheet and all pending motions will be filed separately within 14 days of the date of this filing. Further, all documents previously filed in the State Court Action are attached hereto as Exhibit A.

WHEREFORE, in accordance with the authorities set forth above, AHC hereby removes this action from the District Court, Eighteenth Judicial District, Arapahoe County, Colorado, to the United States District Court for the District of Colorado.

Dated: March 24, 2017      **SPENCER FANE LLP**

BY: */s/ Jacob F. Hollars*
Jamie. N. Cotter, No. 40309
Jacob F. Hollars, No. 50352
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800

Facsimile: (303) 839-3838
E-mail: jhollars@spencerfane.com

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above pleading was served via the Court's CM/ECF system on the following counsel, this 24th day of March, 2017:

Andrew T. Brake, Esq.
ANDREW T. BRAKE, P.C.
3615 S. Tamarac Drive, Suite 200
Denver, Colorado 80237


                                                   */s/Jacob F. Hollars*